## Commonwealth v. Tri-County Amusement Company

*Faith Angel,* Deputy Atty Gen., for Commonwealth.
*John F. X. Fenerty, Esq.,* for defendant.

McGLYNN, J., April 16, 1974.—The claimants raise two basic objections to the forfeiture as follows: (1) there was no evidence that the devices in question were, in fact, used for gambling purposes, and (2) the Act of March 31, 1860, P. L. 382, sec. 60, 18 PS §1445, as amended December 6, 1972, P. L. 1068, 18 Pa.C.S. §5513, is unconstitutional in that it deprives a person of his property without due process of law.

The Act of 1860 established as a category of outlaw property—the mere possession of which would constitute a crime—"any device or machine . . . used and employed for the purpose of unlawful gaming." But the claimant contends that there must be proof of gambling before the machines can be declared illegal. The cases have held, however, that pinball and console machines having the same characteristics as those involved in these proceedings cannot have any lawful purpose and are gambling devices per se: Laris Enterprises, Inc., 201 Pa. Superior Ct. 28 (1963) American Legion Post No. 51 Appeal, 188 Pa. Superior Ct. 480, affirmed 397 Pa. 430 (1959), In re American Legion Post No. 109, 25 D. & C. 2d 572 (1961).

Therefore, a seizure may be effected without first demonstrating by direct affirmative evidence that the machines were used for the purposes of unlawful gaming: Commonwealth v. Cancillieri, 166 Pa. Superior Ct. 1 (1950).

The constitutional argument is based on the contention that the statute authorizes the police to confiscate property without the interposition of a judicial officer to make a prior determination that the objects of the seizure are, in fact, gambling devices. The same could be said of heroin. Both are contraband and both have distinctly identifiable physical characteristics which provide the probable cause for the seizure if they

are in plain view. A seizure of outlawed property which is based upon probable cause is not a denial of due process.